IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JERRY MOON, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:11-CV-032-RWS-SSC |
| UPS, | : | |
| Defendant | : | |

## **FINAL REPORT AND RECOMMENDATION**

Before the Court are Defendant's Motion to Dismiss [Doc. 6] and Plaintiff's Motion Not to Dismiss Plaintiff's Complaint [Doc. 14]. For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **GRANTED** and that Plaintiff's motion be **DENIED.**

## **Procedural History**

On February 9, 2011, Plaintiff, who is proceeding *pro se*, filed a complaint alleging that Defendant "UPS"[1] discriminated against him because of his race,[2] in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). [Doc. 1]. In lieu of an answer, Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 6]. In response to

---

[1] Defendant United Parcel Service, Inc. asserts that it is incorrectly identified in the complaint as "UPS." (Doc. 6, Def. Mot. at 1).

[2] Plaintiff did not specify his race in his complaint, but it appears from the EEOC's letter attached to his complaint that he is African-American. (See EEOC letter attach. to Doc. 1).

that motion, Plaintiff filed a "Motion Not to Dismiss Plaintiff['s] Complaint." [Doc. 14].

**<u>Plaintiff's Complaint</u>**

Plaintiff alleges that Defendant engaged in misconduct including "[t]heft of property, l[y]ing, commutation of a threat [and] falsifying paperwork," failure to promote him and termination of his employment because of his race. (Doc. 1, Compl. at ¶¶ 4, 6).[3] Plaintiff attached to his complaint a statement describing "the discriminatory actions or events [he is] complaining of in this lawsuit." (See id. at ¶ 8 and statement attach. to Doc. 1). The entirety of that statement is as follows:

> On Monday, November 2, 2009, I came back to work. I was in small sort. At about 8:45-9:00, Allen[4] came down to smalls and stopped. He stood there for about 30 seconds and said "If you steal anything for where Quam is from, they cut off your hand." I didn't say anything. He then said "If you touch anything of mine, I'll kick your ass.["] He then went and clocked out. At that time, I went and told James Bryant. He said that he would take care of it.
>
> On Tuesday, November 3, 2009, I came to work. I was in small sort again. At about 9:00-9:15, Allen went by and clocked out. He came back by and said, "H[e]y Jerry, why don't you report this." He gave me the middle finger and grabbed his crotch and called me a mother fucker. I immediately went and told James what happened. He started to smile. I told him that I was going to take it up with management. When I said that, he went after Allen, who was headed out of the building.
>
> Allen had nothing to do with what happen, so why is he threatening me?

---

[3] Item 4 on the form Title VII Complaint Plaintiff used is mislabeled as Item 1.

[4] "Allen" is apparently Allen Henderson, the person Plaintiff contends discriminated against him. (See Doc. 1, Compl. at ¶ 7).

(Statement attach. to Doc. 1).

**Discussion**

Defendant argues that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 6, Def. Br. at 2). The undersigned agrees that Plaintiff's allegations are insufficient to state a claim of race discrimination under Title VII.

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570 ). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. A complaint is not sufficient "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). To be plausible, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950. Furthermore, "[f]actual

3

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted); see also Boyd v. Peet, 249 F. App'x 155, 157 (11th Cir. 2007) (unpublished decision) (affirming the district court's order granting a motion for judgment on the pleadings and explaining that "[t]he complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed" (citing Twombly, 127 S. Ct. at 1965)).

Plaintiff alleges that Defendant discriminated against him because of his race in violation of Title VII. In order to state a claim for race discrimination under Title VII, Plaintiff must allege, at a minimum, facts that would "allow[ ] the court to draw the reasonable inference," Iqbal, 129 S. Ct. at 1949, that Defendant subjected him to an adverse employment action, such as a termination, failure to promote or demotion, because of his race, see 42 U.S.C. § 2000e-2(a),[5] or to a discriminatorily hostile or abusive work environment based on his race, see, e.g., McCann v. Tillman, 526 F.3d 1370, 1378 (11th Cir.), cert. denied, 555 U.S. 944 (2008). In order to state a racially hostile work environment claim under Title VII, Plaintiff must allege facts that show that he belongs to a protected group, i.e., he

---

[5] Title VII provides, "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).

4

is African-American; that he was subjected to unwanted harassment on the basis of that protected characteristic; that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create a discriminatorily abusive working environment; and that there is a basis for holding his employer liable. See id.

Plaintiff's complaint falls far short of the requirements of Rule 8, Twombly and Iqbal. Plaintiff alleges in conclusory fashion that Defendant failed to promote him, terminated him and committed "theft of property, l[y]ing, commutation of a threat [and] falsifying paperwork" because of his race (see Doc. 1, Compl. at ¶¶ 4, 6), but there is no "factual enhancement" of those allegations in Plaintiff's complaint such that the court could "infer more than the mere possibility of misconduct" on Defendant's part. In response to the form Title VII complaint's instructions to "[d]escribe the discriminatory actions or events" giving rise to his complaint and to provide "factual detail, including names and dates concerning what happened," Plaintiff described two instances in which a co-worker spoke rudely to him, but he provided no facts to show that the co-worker's conduct was based on Plaintiff's race and no other facts to support his claims of race discrimination. (See id. at ¶ 8 and statement attach. to Doc. 1). Plaintiff's allegations are insufficient to state a claim under Title VII. See, e.g., Hopkins v. Saint Lucie Cnty. Sch. Bd., 399 F. App'x 563, 566-67 (11th Cir. 2010) (unpublished decision) (affirming district court's dismissal of plaintiff's

5

discrimination complaint because the plaintiff failed to state facts that would be sufficient to establish a *prima facie* case of discrimination and explaining, "He provides no facts that would allow a court to infer that the school district treated those outside the class of African-American males more favorably [but i]nstead, his complaint lists conclusory allegations of discrimination and fails to provide, as required by *Twombly* and *Iqbal*, the 'sufficient factual matter' to establish a prima facie case").

The undersigned recognizes that, because Plaintiff is *pro se*, his complaint, " 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, Plaintiff's conclusory allegation that Defendant discriminated against him because of his race, and his allegations concerning Mr. Henderson, without "further factual enhancement," are insufficient to satisfy the pleading requirements of Rule 8, Iqbal and Twombly, even when evaluated under Erickson's "less stringent standards." Moreover, in response to Defendant's motion to dismiss, which points out the deficiencies in his complaint, Plaintiff simply asserts that he "will submit a more detailed information once the Court rules on the pending Motion to Not Dismiss" and "contends that [he has] all supporting documentation that support claim stated" but again provides no factual support for his claims. (Doc. 14, Pl. Mot. at 1-2). Thus, Plaintiff has failed to allege any facts that could plausibly

provide a basis for finding that Defendant discriminated against him because of his race, and his allegations, therefore, are insufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The court cannot overlook the inadequacy of Plaintiff's pleading. See Washington v. CSX Transp. (R.R.), No. CV408-247, 2009 U.S. Dist. LEXIS 129203, at *4-5 (S.D. Ga. Mar. 9, 2009)("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims."), adopted by 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009). Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's complaint [Doc. 6] be **GRANTED** and that Plaintiff's motion not to dismiss his complaint [Doc. 14] be **DENIED**.

## Summary

It is **RECOMMENDED** that Defendant's Motion to Dismiss [Doc. 6] be **GRANTED** and that Plaintiff's complaint be **DISMISSED**. It is further **RECOMMENDED** that Plaintiff's Motion Not to Dismiss Plaintiff['s] Complaint [Doc. 14] be **DENIED**.

The Clerk is **DIRECTED** to terminate the District Court's referral of this action to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED** this 3rd day of January, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge